# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3601 | **DATE** | 6/28/2013 |
| **CASE TITLE** | Labuda vs. Advanced Tech. Servs. | | |

**DOCKET ENTRY TEXT**

*Pro se* Plaintiff John Labuda's application to proceed *in forma pauperis* (ECF No. 4) is denied. Plaintiff has 21 days from the entry of this Order to pay the Court's filing fee, or his case will be dismissed with prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff John Labuda's ("Labuda") *in forma pauperis* application. ECF No. 4. For the following reasons, his motion is denied. Labuda has 21 days to pay the Court's filing fee, or his case will be dismissed with prejudice.

To permit Labuda to proceed *in forma pauperis*, the Court must find two things: (1) that Labuda cannot pay the costs of the case; and (2) that the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a),(e). The Court will dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915 (e)(2)(B). The Court liberally construes *pro se* filings, including applications to proceed *in forma pauperis*. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).

With respect to Labuda's financial affidavit, the Court finds the information contained therein demonstrates that he does not meet the requisite poverty guidelines to proceed *in forma pauperis*. According to his affidavit, a friend who lives with Labuda is dependent upon him for support, and Labuda contributes $300/month to this friend. The Court will thus analyze Labuda's finances as though he is responsible for a two member household.

Labuda was making $6,000/month working for Defendant Advanced Technology Services Inc. ("Advanced") until he was discharged two months before filing his complaint. He is now receiving $288/week in unemployment (which adds up to $14,976 annually), has $1,819.23 in his checking or savings account, and has $2,000 equity in his 2005 Chevrolet Malibu. All of that would put his income above the U.S. Department of Health & Human Services 2013 federal poverty guidelines for a household of two ($15,510). In addition, Plaintiff states he has a 401k worth $140,000. The Court frankly finds it ridiculous that Labuda would seek to proceed *in forma pauperis* in light of that wealth, and denies his *in forma pauperis* application.

As for the lawsuit itself, Labuda claims that during the seven months he was employed at Advanced, he was

**STATEMENT**

subjected to harassment due to his color, national origin and religion in violation of Title VII of the Civil Rights Act of 1964. Plaintiff's complaint is of the "fill in the blank variety," and it is not clear how some of his allegations relate to the discrimination claimed. However, he does claim that he was made to work on Sundays, which, construed liberally, the Court finds could be the basis for a claim of religious discrimination. The complaint is therefore not clearly frivolous. As such, if Labuda pays the Court's filing fee in a timely manner, the Court will allow him to serve summons and proceed with his case.

If Labuda plans on proceeding with this case *pro se,* he may wish to seek the assistance of the Court's *Pro Se* Assistance Program. Appointments can be made by calling (312) 435-5691. More information regarding the Assistance Program can be found at www.ilnd.uscourts.gov/ProSe.aspx.